# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIK TJARKSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 1882 |
| v. | ) |
| GARY DEL RE, SHERIFF OF LAKE | ) HONORABLE DAVID H. COAR |
| COUNTY, and THE COUNTY OF LAKE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before this court is Plaintiff's motion for this Court to vacate its order, pursuant to Federal Rule of Civil Procedure 60(b), dismissing Plaintiff's case for want of prosecution. For the reasons set forth below, Plaintiff's motion is GRANTED.

## I. Factual and Procedural Background

On March 14, 2003, Plaintiff Erik Tjarksen ("Plaintiff" or "Tjarksen") filed a complaint against Defendants Gary Del Re, (Lake County Sheriff) and Lake County, Illinois (hereinafter referred to as "Defendants"). Plaintiff's complaint alleged that he had been fired by Defendants for exercising his First Amendment Rights, and sought damages pursuant to 42 U.S.C. § 1983.

On April 15, 2003, this Court entered an order setting a scheduling conference for May 20, 2003. That order was sent to Plaintiff's counsel, Richard D. Grossman, addressed to

counsel's address at 135 South LaSalle Street, Suite 1540, in Chicago, Illinois.[1] However, Richard D. Grossman did not receive the order. Accordingly, on May 20, 2003, Plaintiff's counsel did not appear, and the Court entered an order dismissing Plaintiff's case for want of prosecution.

In July 2003, Plaintiff's counsel checked the electronic court docket to see if there had been any scheduled court activity. Plaintiff's counsel discovered that the case had been dismissed for want of prosecution. Plaintiff's counsel checked his office file and did not find a copy of the order. Plaintiff's counsel did not believe he had a valid excuse for not appearing on the date of the scheduling conference, and the time had passed for filing a Fed. R.Civ. P. 59(e) motion to alter or amend judgment. Consequently, Plaintiff's counsel chose to refile a new case, which asserted an identical cause of action.[2] Defendants responded by filing a motion to dismiss, on the grounds that a dismissal for want of prosecution, unless otherwise indicated, acts as a ruling on the merits. That case was dismissed by this Court on November 24, 2003.

In early February 2004, Richard D. Grossman received, through the United States Mail, a letter addressed to "Robert Grossman, Attorney at Law, 135 South LaSalle Street, Chicago, IL 60603." This address is Richard D. Grossman's former address; in May 2003, Richard D. Grossman moved to 77 West Wacker Street. Plaintiff's counsel recognized that the letter did not belong to him, and called Robert Grossman, who also had an office at 135 South LaSalle Street

---

[1] Tjarksen asserts that while he is relatively certain that the order was sent to his counsel's correct address, he is not certain, because Plaintiff's counsel does not have the envelope that contained the order.

[2] Plaintiff's counsel was not aware of the fact that in federal court, a dismissal for want of prosecution is a final judgment on the merits.

(Suite 3600), prior to moving to 30 North LaSalle. Richard Grossman informed Robert Grossman of the misdirected letter. In turn, Robert Grossman informed Richard Grossman that he had received some mail belonging to Richard Grossman. Robert Grossman stated that he had received Richard Grossman's mail many months after their mailing date from the office of the building at 135 South LaSalle. In addition, Robert Grossman stated that he had recently found some of the mail after his move from 135 South LaSalle, but had forgotten about some of the other pieces of mail, because they were so old. Richard Grossman and Robert Grossman made plans to exchange the mail with one another the following week. Among the items received by Richard Grossman from Robert Grossman in February 2004 was the April 14, 2003 order setting this case for a scheduling conference on May 20 2003. Additionally, Richard Grossman received a copy of an order, entered also in April 2003, which was addressed to "Robert Gary Grossman," in a case in which Richard Grossman had filed an appearance and with which attorney Robert Grossman had nothing to do. Richard Grossman also received a copy of an order in another case where precisely the same thing happened (that case was set for status, Richard D. Grossman did not appear, and the case was dismissed for want of prosecution). Subsequently, on April 26, 2004, Plaintiff filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Plaintiff contends that in light of the aforementioned facts, the Court should reconsider the dismissal for want of prosecution.

## II. Legal Standard for a Fed. R. Civ. P. 60(b) Motion

Fed. R. Civ. P. 60(b) provides for discretionary relief from a final judgment on the basis of, *inter alia*, "excusable neglect." Robb v. Norfolk & Western Railway Company, 122 F.3d 354, 359 (7th Cir. 1997). Fed. R. Civ. P. 60(b) (1) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect.

Pursuant to the Supreme Court's opinion in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993), the Seventh Circuit has held that "excusable neglect," "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Robb, 122 F.3d at 359 (citing Pioneer, 507 U.S. at 394). The consideration of what is "excusable neglect" is an equitable inquiry, and the court must consider all of the relevant circumstances. Robb, 122 F.3d at 359 (citing Pioneer, 507 U.S. 305). In addition, "excusable neglect" can encompass "omissions through carelessness and mistake." Robb, 122 F.3d at 359 (citing Matter of Bulic, 997 F.2d 299, 302 (7th Cir. 1993)). The factors to be considered include: (1) the danger of prejudice to the defendant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted within good faith. Robb, 122 F.3d at 359 (citing Pioneer, 507 U.S. at 305). The Court will discuss these factors in turn.

### 1. The Danger Of Prejudice To The Defendant

Defendants contend that they will be prejudiced if Plaintiff's motion is granted. Defendants argue that because memories fade and witnesses move, Defendants may be unable to obtain the the necessary evidence for an adequate defense. Defendants believe that because the case was dismissed in July 2003, and Plaintiff did not appeal the dismissal or file an earlier Rule 60(b) motion, Defendants had every reason to believe that the litigation had been concluded. Defendants argue that reopening the case after nearly a year will undoubtedly cause further prejudice to them.

Undoubtedly, the more time that passes, the greater potential for prejudice to the Defendants, due to the inability to locate witnesses, or the faded memories of potential witnesses. In addition, just slightly over eleven months elapsed between the dismissal of the case (May 20, 2003), and Plaintiff's motion for relief from judgment, which is significant, considering that the Defendants thought that the case would remain closed. However, based upon the allegations in Plaintiff's complaint, the key events of this case occurred in September 2001 and July 2002, less than four years ago. (See Compl., ¶¶ 10,13). Therefore, the potential for prejudice due to compromised evidence is slight. However, because there is at least some chance of prejudice, this factor weighs in favor of the Defendants.

### 2. The Length of Delay And Its Potential Impact on Judicial Proceedings

As previously noted, the delay between when this case was filed (March 2003) and the time that Plaintiff filed his Rule 60(b) motion, eleven months, could prejudice Defendants, if the quality of their evidence diminishes due to the passage of time. However, because this case had not progressed past the complaint stage, there is no danger of prejudice to judicial proceedings.

See Tate v. Riverboat Services, Inc., 305 F.Supp.2d 916, 921 (N.D. Ind. 2004) ("[A]s this matter did not progress past the complaint, vacating the judgment in this case would not prejudice any judicial proceedings." Id.). Consequently, this factor weighs in favor of granting Plaintiff relief from the judgment.

*3. The Reasons For The Delay, Including Whether It Was Within The Reasonable Control Of The Movant*

As this Court set forth in the factual and procedural background, Plaintiff contends that notification of the May 20, 2003 scheduling conference went to "Robert Grossman" instead of Plaintiff's counsel, "Richard Grossman." Richard Grossman was not alerted to this fact until February 2004, when he went to return mislabeled mail to Robert Grossman. Subsequently, on April 26, 2004, Defendant filed this motion.

Plaintiff's counsel's failure to appear at the May 20, 2003 scheduling conference, as a result of the misdirected mail, is the type of circumstance that was beyond the control of Plaintiff's counsel. Consequently, this factor weighs in favor of granting the dismissal for want of prosecution.

*4. Whether The Movant Acted Within Good Faith*

Defendants contend the Plaintiff failed to act in good faith. Defendants note that Plaintiff admits that although he filed this case in March 2003, he did not check the status of this case until July 2003. Defendants argue that even after learning that the case had been dismissed, Plaintiff did nothing to investigate why he did not receive the Court's order setting the scheduling conference, nor did he attempt to file the Rule 60(b) motion then. In addition, Defendants assert that Plaintiff ignored the dismissal for want of prosecution, and filed a second

identical complaint, that was clearly barred by *res judicata*. In addition, Defendants note that even after Plaintiff learned in February 2004 that the Court's order had been delivered to another attorney, he did not file this Rule 60(b) Motion until two months after that. As a consequence, Defendants argue, Plaintiff has shown a lack of diligence and good faith.

Plaintiff insists that his failure to check the case status should not be deemed as "inexcusable neglect." Plaintiff notes that the case was only two months old by May 20, 2003, and time for service under Fed. Civ. P. 4 had not yet run. Plaintiff's counsel insists that he checked the status of the case when he did not receive an appearance from Defendant in July 2003 (approximately 30 days after service had been completed on May 28, 2003), and it was only then that Plaintiff's counsel learned of the dismissal for want of prosecution. Plaintiff also asserts that his counsel was unaware that in federal court, a dismissal for want of prosecution is a dismissal on the merits (unlike Illinois state courts, where a dismissal for want of prosecution starts a one-year clock for refiling). Plaintiff argues that in refiling this case, his counsel believed he was acting diligently by immediately refiling the case, as opposed to filing a Rule 60(b) motion, which, at the time, he felt would have been unsuccessful, because he did not have a good excuse for failing to appear.

Plaintiff contends that it was only after he received Defendant's brief in the re-filed case that he realized that the refiling was impermissible. And Plaintiff emphasizes that it was not until February 2004, when he became aware of the misdirected mail, that he felt he could file a meritorious Rule 60(b) motion.

The Seventh Circuit has noted that missing deadlines due to "slumber" is fatal. Matter of Plunkett, 82 F.3d 738, 742 (7th Cir. 1996). Undoubtedly, it was not the wisest course of action

for Plaintiff's counsel to wait until July 2003, when he filed the case in March 2003, to check the status of this case. In addition, Plaintiff's counsel should have familiarized himself with the Federal Rules of Civil Procedure prior to refiling the case, and not automatically assume that state and federal dismissals for want of prosecution are identical. However, the action that triggered his failure to attend the scheduling conference was the misdirected scheduling order, which was a circumstance beyond Plaintiff's counsel control. It was only after Plaintiff's counsel discovered the misdirected mail in February 2004 that he realized he had a ground for a Rule 60(b) motion, which explains why eleven months elapsed between the dismissal of the case, and the filing of his motion. Consequently, Plaintiff acted within good faith, once he was fully aware of the circumstances.

After balancing all relevant factors, this Court determines that Plaintiff's conduct can be described as "excusable neglect", and therefore, the Court, within its discretion, will reinstate the case. The Court is not unsympathetic to the Defendants' contention that they may be prejudiced due to the re-opening of a case they believed was closed two years ago. However, based on Plaintiff's Complaint, the key events in this case occurred in September 2001 and July 2002, less than four years ago. Therefore, the danger of any witnesses' loss of memory is slight. In addition, if any of Defendants' evidence is severely compromised due to Plaintiff's delay, the Court can entertain a motion to limit or exclude that evidence, in order to remedy any prejudicial effect upon the Defendants. Consequently, because Plaintiff inadvertently missed the scheduling conference, due to the misdirected mail, an event outside of his control, this case will be reinstated.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b) is GRANTED. This case is set for a Rule 16(b) Scheduling conference on May 26, 2005.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **March 29, 2005**