IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIK TJARKSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 1882 |
| v. | ) |
| GARY DEL RE, SHERIFF OF LAKE COUNTY, | ) HONORABLE DAVID H. COAR |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant's motion to dismiss Plaintiff's complaint. For the reasons set forth below, Defendant's motion is GRANTED. Plaintiff's requests for punitive damages are dismissed WITH PREJUDICE. The remaining portions of Counts I and II are dismissed WITHOUT PREJUDICE. Plaintiff is granted leave to file an amended complaint on or before August 22, 2005.

**I. Legal Standard for Motion to Dismiss**

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v.

Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).  This Court reviews complaints pursuant to a liberal pleading standard.  See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit, 507 U.S. 163, 165 (1993).  However, dismissal is warranted if a complaint fails to allege a necessary element required to obtain relief.  See R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co., 895 F.2d 279, 281 (7th Cir. 1989).

**II.  Factual Background**

Plaintiff, Erik Tjarksen ("Plaintiff" or "Tjarksen") is a resident of the Village of Lake Bluff, Illinois.  (Compl., ¶ 3(a)).  Defendant Gary Del Re ("Defendant" or "Del Re") is the Sheriff of Lake County, Illinois, and has held that position since 1996.  (Compl., ¶ 3(b)).  Tjarksen began working for the Lake County Sheriff's Office in March 1995, in the position of telecommunicator.  (Compl., ¶ 4).  In December 1998, Plaintiff was promoted to shift manager, with eight individuals working under him.  (Compl., ¶ 5).  During the next three years, Plaintiff received high annual reviews and ratings (averaging 4.5 out of 5.0 system).  (Compl., ¶ 6).

In the Spring of 1999, Tjarksen observed his immediate supervisor, George Filenko ("Filenko") spending the vast majority of his time on non-Lake County matters.  (Compl., ¶ 7).[1]  Plaintiff observed Filenko holding meetings, reviewing reports, making conference calls, and having division employees run criminal histories on the computer, all behaviors that Tjarksen believed had nothing to do with Lake County business, but rather, with Filenko's employment

---

[1] While working for the Lake County Sheriff's Office, Filenko was also employed as Chief of Police in Hainesville, Illinois.

with Hainesville. (Compl., ¶ 9). In September 2001, after many months of observing Filenko's activities, Plaintiff reported the conduct to Filenko's direct supervisor, Richard Eckenstahler. (Compl., ¶ 10). Subsequently, Filenko called Tjarksen into his office, and questioned Plaintiff about the "double-dipping" report. (Compl., ¶ 11). From that point forward, Plaintiff was subjected to intensive supervision, a restriction in the number of days he could take off, and his file was loaded with reports of trivial and petty infractions. (Compl., ¶ 12). In addition, Tjarksen scored poorly in his annual review, and was transferred to the midnight shift. Id. Ultimately, in July 2002, Tjarksen was terminated from his job at the Lake County Sheriff's Office. (Compl., ¶ 13).

## III. Analysis

Tjarksen brings his claims in Count I pursuant to 42 U.S.C. § 1983 ("Section 1983"), and alleges that Del Re, under color of state law, violated Plaintiff's civil rights. Specifically, Plaintiff alleges a violation of his rights under the First Amendment of the United States Constitution. In Count II, Plaintiff brings a supplemental state law claim for retaliatory discharge. In both counts of his Complaint, Plaintiff seeks compensatory and punitive damages. Defendant argues that the claims in Tjarksen's complaint must be dismissed, as he fails to allege any particularized facts demonstrating that Del Re personally engaged in the alleged constitutional deprivation, or that the deprivation resulted from an official policy, practice or custom. In addition, Defendant contends that Tjarksen fails to allege any facts in support of his claims for punitive damages, and as such, his claims for punitive damages should be dismissed in their entirety.

As an initial matter, the Plaintiff does not dispute that he has failed to allege the requisite elements for a punitive damages claim.[2] Consequently, Tjarksen's requests for punitive damages will dismissed. Additionally, Tjarksen fails to state whether Del Re is being sued in his official or individual capacity. However, this omission is not fatal to Plaintiff's claim; the Seventh Circuit has held that in order to determine whether a government official is sued in his official or individual capacity, the court should examine the nature of the claims and the type of relief being sought. Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2000):

> Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual action under color of state law, the defendant has been sued in her individual capacity.

Id. (citing Hill v. Shelander, 924 F.2d 1370, 1373-74 (7th Cir. 1991)). In addition, requests for punitive damages suggest an intent to sue government officials in their individual capacity. See Wynn v. Southward, 251 F.3d 588 (7th Cir. 2001). Plaintiff urges that his omission of any reference to an official custom or policy, and his requests for punitive and compensatory damages suggest that this an individual capacity suit. See Miller, 220 F.3d at 494. As such, Plaintiff urges the Court to find that Count I is against Del Re in his individual capacity. The Court agrees that Plaintiff's requests for compensatory and punitive damages, as well as his omission of any language of an official custom or policy, is indicative of a claim against Defendant in his individual capacity; however, the Court must determine if Tjarksen has properly

---

[2] Government officials are immune from punitive damages suits in their official capacity. See Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2002). However, government officials can be sued for punitive damages in their individual capacity, if the plaintiff alleges that the defendant's conduct "[was] motivated by evil intent or callous indifference to the federally protected rights of [the plaintiff]." Coulter v. Vitale, 882 F.2d 1286, 1289 (7th Cir. 1989).

alleged a claim against Del Re in his individual capacity.  Additionally, Tjarksen argues that he has properly brought a claim against Del Re, in his official capacity, for the supplemental state law claim of retaliatory discharge.  Consequently, the Court will determine whether Tjarksen: (1) properly alleges a Section 1983 claim against Del Re in his individual capacity; (2) states a claim for retaliatory discharge against Del Re in his official capacity.

>    *A.  Does Tjarksen Properly Allege A Section 1983 Claim Against Del Re In His*
>    *Individual Capacity?*

Defendant contends that Tjarksen fails to state a legally sufficient Section 1983 claim against Del Re in his individual capacity, because there is no allegation that Del Re personally engaged in the tortious conduct.  See Hill, 924 F.2d at 1372.  In order to properly allege a First Amendment retaliation Section 1983 claim against the Defendant in his individual capacity, Plaintiff must allege: (1) he was engaged in constitutionally protected speech; (2) the protected speech was a "motivating factor" in the adverse employment action; and (3) that the defendant cannot prove by the preponderance of the evidence that the same adverse employment action would have occurred absent the protected speech.  See Barner v. City of Harvey, No. 95 C 3316, 1996 U.S. Dist. LEXIS 5384 at *21 (N.D. Ill. Apr. 18, 1996) (citing Mt. Healthy City School District Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

In response to Defendant's arguments, Tjarksen directs the Court to several Illinois' statutes: 55 ILCS 5/3-6018 ("Section 6018"); 55 ILCS 5/3-6015 ("Section 6015"); and 55 ILCS 5/3-6016 ("Section 6016").  Section 6018, in relevant part, provides: "In counties of less than 1 million population, the sheriff shall control the internal operations of his office."  Section 6015 states: "Powers of deputies. Deputy sheriffs, duly appointed and qualified, may perform any and

all the duties of the sheriff, in the name of the sheriff, and the acts of such deputies shall be held to be the acts of the sheriffs." Finally, Section 6016 provides: "Sheriff liable for acts of deputy sheriff and auxiliary deputy. The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission." Plaintiff cites these provision for the proposition that the office of sheriff is such that he is the person ultimately responsible for the actions of his office, even if those actions are taken by subordinates. It is true that courts within this district have applied these provisions, particularly Section 6016, to support the proposition that a sheriff can be vicariously liable for the actions of a deputy or auxiliary deputy. See e.g., Wallace v. Masterson, 345 F.Supp.2d 917, 927 (N.D. Ill. 2004). However, the Seventh Circuit has made clear that, "[u]nder § 1983, there is no respondeat superior liability." Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002); see also Gilchrist v. Kane County Correctional Center, 48 F.Supp.2d 809, 813 (N.D. Ill. 1999); Anton v. Sheriff of DuPage County, Ill., 47 F.Supp.2d 993, 1000 (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Moreover:

> For a defendant to be liable under § 1983, he or she must have participated directly in the constitutional violation. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."

Hildebrandt v. Ill. Dept. of Natural Resources, 347 F.3d 1014, 1039 (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Further:

> [A]n official satisfies the personal responsibility requirement of section 1983. . .if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal

> connection or affirmative link between the action complained about and the official sued is necessary.

Hildebrandt, 347 F.3d at 1039 (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). Consequently, Tjarksen's allegations must go further than stating that Del Re was ultimately responsible for the hiring and firing decisions in the Lake County Sheriff's Office. Plaintiff must allege that Del Re directly participated in Tjarksen's firing, and that the firing was a result of Tjarksen's engagement in constitutionally protected speech. Consequently, Count I, which is construed against Del Re in his individual capacity, is dismissed without prejudice. Tjarksen must sufficiently allege the requisite elements of a First Amendment retaliation claim, and that Del Re directly participated in the actions that led to Plaintiff's termination.

### B. Does Tjarksen Sufficiently State A Retaliatory Discharge Claim Against Del Re?

Defendant urges that Plaintiff's retaliatory discharge (Count II) claim must be dismissed for two reasons. First, Defendant argues that the retaliatory discharge claim fails to allege that the Defendant was aware of the protected speech, and that such speech was a motivating factor. Second, Defendant contends that Count II should be stricken because it is merely repetitive of Count I in that it relies on the same facts and legal theories as Count I, and as such, does not provide a basis for relief independent of Count I.

As to Defendant's first argument, pursuant to Illinois Supreme Court precedent, Plaintiff's analysis is correct. Retaliatory discharge does not focus on whether the employer had actual knowledge of the retaliatory discharge; it is sufficient that the unlawful discharge was executed by an employee or agent:

> This emphasis on tempering the power of the employer is not surprising. Logically speaking, only "the employer" has the power to hire or fire an employee. Obviously, an agent or employee may carry out that function on the employer's behalf, but it is still the authority of the employer which is being exercised. If the discharge violated public policy, it is the employer who is rightly held liable for damages. The purpose underlying the recognition of retaliatory discharge actions is therefore fully served by allowing actions only against the employer.

Buckner v. Atlantic Plant Maintenance, Inc., 694 N.E.2d 565, 569-70 (Ill. 1998). Consequently, an employer's knowledge of an unlawful firing is not a prerequisite for a state law claim of retaliatory discharge.

Second, Defendant argues that Plaintiff's claims under Count II are identical to his claims in Count I, and for that reason, Count II should be stricken. However, the state law claim of retaliatory discharge contains different elements than a First Amendment retaliation claim. In Illinois, a valid claim for retaliatory discharge requires a showing that: (1) an employee has been discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy. Bourbon v. Kmart Corp., 223 F.3d 469, 472 (citing Hartlein v. Illinois Power Co., 601 N.E.2d 720, 728 (Ill. 1992)). As this Court previously noted, in order to properly allege a First Amendment retaliation Section 1983 claim against Defendant in his individual capacity, Plaintiff must allege: (1) he was engaged in constitutionally protected speech; (2) the protected speech was a "motivating factor" in the adverse employment action; and (3) that the defendant cannot prove by the preponderance of the evidence that the same adverse employment action would have occurred absent the protected speech. See Barner v. City of Harvey, 1996 U.S. Dist. LEXIS 5384 at *21 (citing Mt. Healthy School District Bd. Of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). While the legal standards for Count I and Count II arise

from the same factual background, and will inevitably involve similar legal analyses on certain elements, the requisite elements are sufficiently distinct to allow Plaintiff to bring a Section 1983 claim and a state law retaliatory discharge claim. However, Plaintiff must properly allege a state retaliatory discharge claim, which his complaint fails to do. Consequently, as with Count I, Count II is dismissed without prejudice. Plaintiff must sufficiently allege the necessary elements of a retaliatory discharge claim in order to properly state a claim upon which relief can be granted.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's requests for punitive damages are dismissed WITH PREJUDICE. The remaining portions of Counts I and II are dismissed WITHOUT PREJUDICE. Plaintiff is granted leave to file an amended complaint on or before August 22, 2005.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **July 20, 2005**